hDALEY, J.,
dissenting.
I respectfully dissent from the majority. The real estate that is the subject of these proceedings was acquired on December 14, 1984 in two acts of cash sale. Appellants assert that American Home Place was the vendee and acquired the subject property. Appellees claim that American Home Place and Home Place Properties were vendees and both acquired a 50% interest in the property. Within the body of the cash sale, the vendees appear as follows:
AMERICAN HOMEPLACE, a Louisiana Partnership, represented herein by *445 American Savings and Loan Association represented herein by Hugh Shall, its President, a person of the full age of majority authorized by Resolution of Board of Directors, a copy of which is annexed hereto and made a part hereof; and Homeplace Properties, a Louisiana Partnership in Commendam, represented by Homeplace, Inc., which is represented herein by its Secretary, Hilbert Loeb, a person of the full age of majority and a resident of the Parish of St. Tammany, who is authorized by Resolution of the Board of Directors, a copy of which is annexed hereto and made a part hereof; hereinafter, whether one or more, referred to as vendee, ...
To resolve this dispute the trial court was asked to decide if Homeplace Properties appears as a vendee in its own right, or appears merely as a member of the partnership, American Homeplace.
A previous Motion for Summary Judgment filed by the Trans, which sought to have the Trans determined sole owners, was denied by the trial court because the trial judge found a question of fact remained as to the interpretation of the conveyance documents. The Trans filed a Writ with this Court seeking review of the | ^denial of their summary judgment motion. This Court denied the Writ. In denying the Writ 00-C-343 (La.App. 5th Cir.4/26/00), mi denied, this court noted, “There are genuine issues of fact remaining to be resolved.”
The 1984 conveyances are ambiguous because they fail to identify the vendee clearly. The title of each document refers to a single vendee, American Homeplace. The vendee signature line for each documents refers to the same lone vendee, represented by both of its partners. The vendee clause in each document is less clear, however. Each vendee clause begins with the phrase, “AMERICAN HOME-PLACE, a Louisiana Partnership, represented herein by ...,” suggesting that the entities described in the remainder of the clause are appearing solely in a representative capacity. Homeplace Properties contends, however, that the use of a semicolon in the middle of the vendee clause, immediately before Homeplace properties is identified, suggests that it was appearing as a purchaser in its own right, not as a representative of American Homeplace.
Both interpretations are reasonable, but only one can be correct. The ambiguity in the 1984 conveyances creates a factual issue as to the parties’ intent. Under these circumstances the trial court can only grant summary judgment if the extrinsic evidence submitted by the parties, combined with the language of the document itself, unequivocally supports one side’s proferred explanation of the parties’ intent, a rare occurrence indeed. See Penalber v. Blount, 550 So.2d 577, 583 (La.1989). This case does not present one of those rare occurrences.